IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 C 15661 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| KUNES COUNTRY FORD OF ANTIOCH, INC. d/b/a/ KUNES COUNTRY AUTO GROUP, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

As required, [Dkt. ##37, 39, 40], the defendant has refiled its Motion to Deem Facts Admitted before me. [Dkt. #41]. The facts surrounding the dispute have not changed since outlined in the Order of May 21, 2024, denying the plaintiff's Motion for a Protective Order. [Dkt. #33]. On March 4, 2024, the defendant served the plaintiff with what was titled "Defendant's First Set of Discovery Requests to Plaintiff." [Dkt. #29-1, at Page 2-15/21]. The opening paragraph of the Requests, in clear, unambiguous language, stated that defendant:

> . . . pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, hereby requests that the Plaintiff... answer the following *Requests for Admission*, Interrogatories, and Requests for Production (discovery requests) in writing and under oath within thirty (30) days from the date of service . . . .

[Dkt. #29-1, at Page 2/21(emphasis added)]. The discovery requests were attached to an email stating:

> Attached please find the Defendant's First Set of *Requests for Admission*, Interrogatories, and Requests for Production in this matter. A word document containing these requests can be provided upon request to facilitate responses. Should you have any difficulty accessing the attached, please let me know. Thank you.

[Dkt. #29-1, at Page 1/21 (emphasis added)]. The plaintiff asked for a word version of the requests,

and defendant provided one.

There can be no dispute that, under the Federal Rules of Civil Procedure, the plaintiff's responses were due by April 4, 2024. Fed.R.Civ.P. 33(b)(2); 34(a)(2)(A); 36(a)(3). But, plaintiff provided no responses by that date. Instead, at 9:44 p.m. on the night of April 4th, the plaintiff emailed the defendant, asking for an additional 30 days – to May 4th – in which to respond for a variety of reasons. In closing, the plaintiff added:

> Regarding the Rule 36 *request for admissions*, the required Rule 36 notice was not included, and the requests were not sent in a separate email envelope, voiding the requests. However, I will stipulate to send them with the interrogatory answers, without waiver of other objections, with the rest of our discovery responses.

[Dkt. #29-4, at Page 1/3 (emphasis added)].

It is unclear what the plaintiff meant by "the required Rule 36 notice."[1] The only notice requirement one can imagine applicable in federal court might be notice to a *pro se* litigant regarding the operation of Fed.R.Civ.P. 36. *See, e.g., Rodgers v. Allen*, No. 05 C 3540, 2009 WL 2192622, at *4 (N.D. Ill. July 21, 2009). But, obviously, the plaintiff is represented by counsel, so no hand-holding was necessary. As for the plaintiff's "no-separate-email-envelope-voids-the-requests" rule, I have been unable to find any such rule in the Federal Rules of Civil Procedure, and plaintiff has failed to direct us to one.

---

[1] It's unclear whether the plaintiff thinks that Illinois' Rules of Civil Procedure apply to the Title VII case he filed here [Dkt. #1, Par. 7], or merely hopes they will be applied. [Dkt. #32, Par. 20; #45, Par. 23]. But, as plaintiff has made absolutely no case for their application, the answer to both questions is "no." Indeed, even if this were a diversity case, federal procedural rules would apply. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)(". . . federal courts are to apply state substantive law and federal procedural law."); *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019); *Cooke v. Jackson Nat'l Life Ins. Co.*, 919 F.3d 1024, 1027 (7th Cir. 2019).

The plaintiff's submissions on this matter contends that he simply "overlooked" all the defendant's discovery requests "for several weeks." [Dkt. #32, Par. 16]. He did this despite all three types of requests having thirty-day deadlines for responses. Fed.R.Civ.P. 33(b)(2); 34(b)(2)(a); 36(a)(3). Failing to hear anything more from the plaintiff regarding plaintiff's responses for another six weeks, the defendant understandably filed its "Motion to Deem Facts Admitted By Plaintiff as a Matter of Law" before Judge Kness on May 16, 2024 [Dkt. #28], along with a motion for summary judgment. That was understandable given the literal language of Federal Rules of Civil Procedure 56(b), which states that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." *See Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019)(federal practice allows a party to file a motion for summary judgment at any time, even along with a defendant's answer); *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019)("The mere fact that discovery is incomplete is not enough to prevent summary judgment."). At that point, the facts in the defendant's request were deemed admitted. Fed.R.Civ.P. 36 makes it clear that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." The rule is self-executing, *Ty, Inc. v. Target Corp.*, No. 18 C 2354, 2019 WL 6497379, at *3 (N.D. Ill. Dec. 3, 2019)(collecting cases). ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . .") and automatic. *Ty, Inc. v. Target Corp.*, No. 18 C 2354, 2019 WL 6497379, at *3 (N.D. Ill. Dec. 3, 2019)(collecting cases). The defendant's Motion to Deem Facts Admitted constituted, in effect, no more than a courtesy to make clear the basis of the accompanying summary judgment motion.

In any event, the plaintiff responded with a Motion for a Protective Order, asking that he be allowed until June 4th to respond to the discovery requests, for a total extension of 76 days. [Dkt. #31]. That motion was denied by me for a handful of reasons. [Dkt. #33]. The plaintiff could have objected to that non-dispositive Order and sought review by Judge Kness if he had wanted to, but he did not, and so he has waived his right to appeal that Order. Fed.R.Civ.P. 72(a); *Davis v. Kayira*, 938 F.3d 910, 917 (7th Cir. 2019); The plaintiff also filed a response to the defendant's Motion to Deem Facts admitted. [Dkt. #32]. Judge Kness understandably sent the matter here for resolution [Dkt. #37], with the parties refiling the Motion and related materials before me.

The plaintiff first contends[2] that the defendant wrongfully sent its discovery requests pursuant to Fed.R.Civ.P. 33 rather than 36, highlighting the "pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34" language in the opening paragraph of the requests, but ignoring the "answer the following *Requests for Admission*, Interrogatories, and Requests for Production" language (emphasis added), ignoring the fact that the discovery requests were clearly divided into three sections titled *"Requests for Admissions,"* "Interrogatories," and "Requests for Production" (emphasis), and ignoring the language of the cover email: "Attached please find the Defendant's First Set of *Requests for Admission*, Interrogatories, and Requests for Production . . . ." (emphasis added). Despite all that, Mr. Davidson – actually his lawyer – would have us believe that the missing number "36" is the

---

[2] Actually, the plaintiff's first contention is that the defendant's failure to attach the discovery requests at issue – which are part of the defendant's original motion it filed in front of Judge Kness [Dkt. #29] – to the motion it was made to refile before me. [Dkt. #45, Pars. 4-5]. That's a bit much, especially since the defendant really ought not to have had to refile it's motion in the first place and did so only as a courtesy to the court.

4

reason why they did not provide the mandatory timely response.³

The plaintiff tells us that without that lucky number "36" he took the defendant's "Requests for Admission, Interrogatories, and Requests for Production" as "Interrogatories, and Requests for Production." As the plaintiff puts it:

> 15. Titling "Request for Admissions" as sent pursuant to Fed. R. Civ. P. 33 as opposed to Fed. R. Civ. P. 36 necessarily causes confusion for parties given the strict, self-executing consequences of Fed. R. Civ. P. 36.
>
> 16. This exact confusion is what in fact occurred, as the Requests for Admissions were initially overlooked by Plaintiff's counsel for several weeks due to the titling, reflecting only Fed. Civ. P. 33 and Fed. Civ. P. 34. . . . .

[Dkt. #32, at 4]. Well, answers to interrogatories are due in thirty days, just like responses to request for admissions are. So, overlooking either "for several weeks" is, at best, lackadaisical and insufficient to avoid the consequences under the rules. Ultimately, it is not an excuse that any objective observer could possibly buy. Moreover, the plaintiff seems to forget his email to the defendant well after the close of business on April 4th which, it bears repeating, was after his responses were due. In it, the plaintiff specifically referred to the requests as "requests for admissions" *under Rule 36.* Thus, contrary to his representations to the court, he knew very well what they were.

Again, the operation of Fed.R.Civ.P. 36(a)(3) that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." is automatic. *Ty, Inc.*, 2019 WL 6497379, at *3 (collecting cases).

---

³ These repeated, unambiguous references to "Requests for Admissions," undermine the plaintiff's feckless contention that Fed.R.Civ.P. 7, 8, and 10 excuse his claimed failure to realize that despite the clarity of their title, the "*Requests for Admission*, Interrogatories, and Requests for Production" (emphasis added) did not include "*Requests for Admissions."*

5

So, those facts were all admitted as of April 4th and served as the basis for the motion for summary judgment the defendant filed on May 16th. [Dkt. #27, at 2-4; #30].

While that seems rather simple – as it should be – as it turns out, Fed.R.Civ.P. 36(a)(3) is not much of a "rule," at least not in the way one ordinarily think about the word "rule" with its mandatory operation. It is all but gutted by Fed.R.Civ.P. 36(b), which says that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Obviously, allowing withdrawal would, it could be argued, nearly always "promote the presentation of the merits of the action." On the one hand you have what, in hindsight, may have proved to have been improvident or careless admissions to salient facts, as you have here; on the other, you have the usual slog through discovery to, hopefully, get at at least some of those salient facts on the merits. As written, Fed.R.Civ.P. 36(b) appears to favor the "slog" through discovery. *But see, e.g., Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U. A.*, 657 F.2d 890, 901 (7th Cir. 1981)(discovery is "a runaway train"); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986)("Pre-trial discovery under modern federal practice has become a monster on the loose ...."); *Flentye v. Kathrein*, No. 06 C 3492, 2007 WL 2903128, at *2 (N.D. Ill. Oct. 2, 2007)(discovery is "nasty [and] brutish...." Hobbes, Leviathan, Chapter XIII. Unfortunately, it is not generally "short."). And, yet, it all too often is allowed to favor the careless or improvident.

And so, on May 20th, the plaintiff filed a "Response to Defendant's Request to Deem Facts Admitted, or in the Alternative, Plaintiff's Fed.R.Civ.P. 36(b) Motion to Withdraw Facts Admitted." [Dkt. #32]. Not only would an objectively reasonable person have been aware that the defendant's discovery requests included clearly labeled "requests for admissions" but, given the plaintiff's email

6

to the defendant on April 4th, Mr. Davidson, the plaintiff, was subjectively aware that the discovery requests included requests for admissions as well as how Fed.R.Civ.P. 36 worked. Surely, his lawyers were aware of what was in the requests. Yet, as the defendant points out [Dkt. #35], the plaintiff's motion to withdraw its admissions under Fed.R.Civ.P. 36(b) did not come until a month and a half *after* those facts became admitted under Fed.R.Civ.P. 36(a)(3). And, as defendant suggests, that's a long time to wait before addressing such a serious gaffe.

In any event, the next thing that happened is that Judge Kness had the parties in and entered his Order of June 10th:

> As discussed on the record, the case remains on referral to Magistrate Judge Cole, who denied Plaintiff's recent motion 31 for a protective order. Because the case remains on referral, at least formally, the Court questioned at today's hearing whether it would be wise to proceed with the pending motion for summary judgment 26 and motion 28 to deem certain facts admitted. For the reasons stated on the record, the Court will hold those two motions in abeyance until the referral has been terminated by Judge Cole. The parties are directed to seek to appear before Judge Cole to determine whether any issues within the scope of the referral remain to be addressed.

[Dkt. #37].

That Order put things in a bit of a limbo. As already noted, the Federal Rules of Civil Procedure and Seventh Circuit precedent would seem to allow motions for summary judgment to be filed at any time. *See* Fed.R.Civ.P. 56(b); *Young*, 942 F.3d at 351; *OSF HealthCare*, 933 F.3d at 864. Of course, the court has control of its own calendar and can set the time for the filing of summary judgment motions pursuant to that power. Discovery referrals are not normally closed until discovery is completed, although parties that file dispositive motions before the district judge sometimes ask for a stay of discovery from the magistrate judge handling that part of the case. The minute order appears to suggest that, no matter my ruling on the defendant's motion to deem facts

admitted, defendant's motion for summary judgment would remain held in abeyance until the parties went through discovery, however long that might take. If, indeed, the case can be disposed of on summary judgment as a result of plaintiff's admissions, continuing discovery would be an unnecessary and costly endeavor, both to the parties and to the taxpayers who subsidize the resolution of these disputes. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015)(the public should not be made to subsidize needless disputes), One can't crawl into a judge's head and see what they mean, *see Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202 (N.D. Ill. 2018), but it's obvious that can't be the result Judge Kness had in mind with his June 10th minute order.

So, on to some untangling, and some Article III versus Article I compartmentalizing. As has been already indicated, Fed.R.Civ.P. 36(a) is self-executing; matters are automatically deemed admitted and no ruling is necessary. The important difference between other discovery responses and Rule 36 admissions is that "admitted matters are not merely evidence but are "conclusively established." Rule 36(b); *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005). So, a request to withdraw admissions under these circumstance is out of the purview of a magistrate judge on a discovery referral, as it is part and parcel to a summary judgment motion. [Dkt. #26]. This is especially the case here as the defendant's summary judgment motion is not merely a dispositive motion, but, as the plaintiff seemed to concede at the hearing Judge Kness held on June 10th, it would end the case if he is not allowed to withdraw his admissions. [Dkt. #38, Tr., at 5("Well, essentially, Judge, looking -- reviewing some of the case law and reviewing the summary judgment motion that's only based on the admitted facts in the requests for admissions, it would essentially be default if defendant's interpretation of the requests for admission are understood.")]. Ending a case, of course, is the type of thing that is above a magistrate judge's paygrade unless the parties have

consented to the magistrate judge's jurisdiction. *See, e.g.,* 28 U.S.C. § 636(c)(1); IOP 14 ("Referrals should not be made for reports and recommendations on dispositive motions or trial/post-trial related matters, with the exception of motions for preliminary injunction and motions to enforce settlement if the assigned magistrate judge held the settlement conference."); *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (". . . a § 636(c)(1) referral gives the magistrate judge full authority over dispositive motions, **1701 conduct of trial, and entry of final judgment, all without district court review.").

Further review of the hearing transcript informs me that Judge Kness has a docket management rule or a preference whereby he will not consider dispositive motions – or at least summary judgment motions – while a discovery referral is open. [Dkt. #38, Tr., at 3-4, 8].[4] Accordingly, the defendant's motion to deem facts admitted [Dkt. #41] is granted, but that portion

---

[4]THE COURT: . . . At any point, Mr. Finerty, did you ask Judge Cole to terminate the referral and send the case back to me?

MR. FINERTY: No, I didn't, Judge.

THE COURT: Can you tell me why you didn't do that?

MR. FINERTY: It's my first time being in front of a magistrate in a long time. My apologies for not following the appropriate rule.

THE COURT: Well, I don't know so much that it's a rule, but the -- I think the ordinary course and perhaps the more fluid course would be to, since the case is in front of the magistrate judge, give the magistrate judge a courtesy heads-up as to what you intend to do; and then the magistrate judge can enter an order saying, "Plaintiff has indicated" -- or, "Defendant, rather, has indicated its desire to proceed to summary judgment. Therefore, I'm terminating the referral and sending the case to the district judge." That would have, I think, avoided some of the questions that I have here.
Nevertheless, I don't know that, strictly speaking, you're wrong in having filed the motion for summary judgment. I just -- I would much prefer to wait to rule on this before -- or until all the proceedings in front of Magistrate Judge Cole are concluded.
\* \* \*
I'm not doing anything with these motions or with the case until Judge Cole terminates the referral to him. . . . .

[Dkt. #38, Tr., at 3-4, 8].

9

of the plaintiff's response seeking withdrawal of those admissions is more properly a matter for Judge Kness, especially given the effect on the defendant's motion for summary judgment. In accordance with what I understand to be Judge Kness's preference, I am closing the discovery referral pending resolution of the defendant's motion for summary judgment. If it happens that Judge Kness rules that the plaintiff should be allowed to withdraw his admissions – thereby denying the defendant's motion for summary judgment – I assume he will re-refer supervision of discovery back to me. Of course, if I have misinterpreted Judge Kness's wishes, he will correct me with the stroke of his pen – or, rather, his keyboard.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 7/29/24